IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. No. 6:20CR707 |
| | ) | 18 U.S.C. § 1029(a)(5) |
| | ) | 18 U.S.C. § 1028A(a)(1) |
| | ) | 18 U.S.C. § 1014 |
| | ) | 18 U.S.C. § 982(a)(2) |
| vs. | ) | 18 U.S.C. § 982(a)(2)(B) |
| | ) | 18 U.S.C. § 1029(c)(1)(C) |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| | ) | |
| RONALD J. COX | ) | INDICTMENT |

## COUNT 1

THE GRAND JURY CHARGES:

From on or about April 17, 2018, to on or about April 17, 2019 in the District of South Carolina, the defendant, RONALD J. COX, did knowingly and with intent to defraud effect transactions that affected interstate and foreign commerce with one or more access devices issued to another person or persons to receive payment and any other thing of value during any one-year period, the aggregate value of which is equal to or greater than $1,000.

In violation of Title 18, United States Code, Section 1029(a)(5).

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

On or about April 17, 2018, in the District of South Carolina, defendant, RONALD J. COX, did knowingly transfer, possess, and use, without lawful authority, a means of identification of other person; to wit, the name and social security number of "BS", whom he knew was a real person, during and in relation to a felony violation of 18 U.S.C. § 1029(a)(5).

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNTS 3-5

THE GRAND JURY FURTHER CHARGES:

On or about the dates listed below, in the District of South Carolina, defendant, RONALD J. COX, in support of applications to secure vehicle loans set forth below, knowingly made and caused to be made to State Farm Bank, a financial institution as defined at Title 18, United States Code, Section 20, whose deposits were then insured by the Federal Deposit Insurance Corporation, materially false statements for the purpose of influencing the action of the bank to approve the loan:

| Count | Application Date | Vehicle | False Statement |
|---|---|---|---|
| 3 | On or about February 27, 2018 | 2015 Dodge Challenger | $5192 Monthly Gross Income |
| 4 | On or about February 28, 2018 | 2014 Chevrolet Silverado | $5192 Monthly Gross Income |
| 5 | On or about July 12, 2018 | 2012 Infiniti | $4918 Monthly Gross Income $2000 per month from rental property |

All in violation of Title 18, United States Code, Section 1014.

## FORFEITURE

ACCESS DEVICE FRAUD:

Upon conviction for violation of Title 18, United States Code, Section 1029(a)(5) as charged in this Indictment, the Defendant, RONALD J. COX, shall forfeit to the United States, all of the Defendant's right, title and interest in any property, real and personal, which constitutes, is derived from or is traceable to proceeds the Defendant obtained, directly or indirectly, as the result of such violation, and any property used or intended to be used, in any manner or part, to commit or facilitate the commission of the offense.

FALSE STATEMENTS:

Upon conviction for violation of Title 18, United States Code, Section 1014 as charged in this Indictment, the Defendant, RONALD J. COX, shall forfeit to the United States, all of the Defendant's right, title and interest in any property, real and personal, which constitutes, is derived from or is traceable to proceeds the Defendant obtained, directly or indirectly, as the result of such violation.

PROPERTY:

Pursuant to Title 18, United States Code, Sections 982(a)(2), 982(a)(2)(B) and 1029(c)(1)(C), and Title 28, United States Code, Section 2461(c), the property subject to forfeiture includes, but is not limited to, the following:

Proceeds/ Forfeiture Judgment:

A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in this Indictment, and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to his violation of 18 U.S.C. §§ 1014 and 1029.

SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant –

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third person;
(c) has been placed beyond the jurisdiction of the Court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the said Defendant up to the value of the above described forfeitable property;

Pursuant to Title 18, United States Code, Sections 982(a)(2), 982(a)(2)(B) and 1029(c)(1)(C), and Title 28, United States Code, Section 2461(c).

A  _TRUE_  Bill

REDACTED

FOREPERSON

_____
PETER M. MCCOY, JR.  (WJW/jal)
UNITED STATES ATTORNEY

4